RICHARD D. TALBOTT,                               Case No. 10-CV-1553 (PJS/JJK)

                    Petitioner,

v.                                                              ORDER

SCOTT FISHER, Warden,

                    Defendant.

Richard D. Talbott, pro se.

Lisa D. Kirkpatrick, UNITED STATES ATTORNEY'S OFFICE, for defendant.

Petitioner Richard D. Talbott seeks to be released from federal custody through a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Rather than responding to the petition on the merits, the government moved to dismiss for lack of jurisdiction. Gov't Mot. Dismiss [Docket No. 9]. The government argued that Talbott is not eligible under 28 U.S.C. § 2255(e) to bring a § 2241 petition in this district but instead must bring a § 2255 petition before the sentencing court (the United States District Court for the Southern District of Indiana). Mem. Supp Gov't Mot Dismiss at 3-9.

The government's motion was referred to Magistrate Judge Jeffrey J. Keyes, who issued a Report and Recommendation ("R&R") in which he recommended granting the government's motion and dismissing Talbott's petition. Judge Keyes also recommended that the Court deny as moot two pending motions of Talbott's, one for release while his petition is pending and another seeking, in effect, a default judgment in his favor on his petition on the basis that (according to

Talbott) the government did not timely respond to his petition as ordered by the Court. Pro Se Pet. to be Released on Recognizance Bond [Docket No. 20]; Pet. Motion for Relief Prayed for in Petition [Docket No. 12].

Talbott timely objected to the R&R, and the government responded to his objection by conceding, in effect, that the Court *does* have jurisdiction over Talbott's petition. Pro Se Obj. [Docket No. 27]; Gov't Resp. to Pet. Objs. at 2-3 [Docket No. 28] ("Since the time of its motion after the R&R was filed, the government's position has changed. The government now acknowledges that where an intervening Supreme Court decision of statutory construction . . . negates the basis for the imposition of an enhanced penalty ab initio as a matter of law, the defect is sufficiently fundamental to justify § 2241 relief when the effect of the sentencing enhancement increases the statutory maximum for defendant's offense of conviction."). The Court agrees with the government that Talbott's petition fits within § 2255(e) and should be considered on the merits. The Court therefore sustains Talbott's objection to the R&R and returns this case to Judge Keyes for further proceedings.

Because the Court is not dismissing Talbott's petition, the Court cannot deny his motion for release as moot, as recommended by Judge Keyes. Instead, the Court denies the motion on the merits. Talbott seeks release under 18 U.S.C. § 3142 pending disposition of his petition. Pro Se Pet. to be Released on Recognizance Bond at 1. But that statute, titled "Release or detention of a defendant *pending trial*," does not apply to Talbott, who is not awaiting trial. 18 U.S.C. § 3142 (emphasis added). The Court *does* have the inherent power to order a habeas petitioner released on bail while the petition is pending, but such a release order is warranted only in

exceptional circumstances.[1]  This case does not present the type of exceptional circumstances

that would warrant release pending disposition of Talbott's petition.

The Court likewise denies on the merits Talbott's motion for the relief sought in his

petition.  Talbott's motion is based on his belief that the government did not timely respond to

his petition.  In fact, the government's motion to dismiss was timely.  The Court's April 16, 2010

order gave the government 30 days to respond to Talbott's petition.  Under Fed. R. Civ. P. 6,

because May 16, 2010 fell on a Sunday, the government's response was due by May 17, 2010 —

the very day that the government filed its motion to dismiss.  Because the government's motion

was timely, the Court denies Talbott's motion for the relief sought in his petition.

Based on the foregoing and on all of the files, records, and proceedings herein, the Court

SUSTAINS Talbott's objection [Docket No. 27] and DECLINES TO ADOPT Judge Keyes's

R&R [Docket No. 23].  Accordingly, IT IS HEREBY ORDERED THAT:

1.      The government's motion to dismiss and for a stay [Docket No. 9] is DENIED IN

PART and GRANTED IN PART as follows:

a.      To the extent that the government moves to dismiss Talbott's petition for

lack of jurisdiction, the motion is DENIED.

---

[1]*Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) ("Release on bail pending disposition
of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a
substantial federal constitutional claim that presents not merely a clear case on the law, but a
clear, and readily evident, case on the facts, but also the existence of some circumstance making
the request exceptional and deserving of special treatment in the interests of justice.  Habeas
petitioners are rarely granted release on bail pending disposition or pending appeal." (citations,
internal quotations, and emendations omitted)).

b.       To the extent that the government seeks an extension of time to file a

return to Talbott's petition, the motion is GRANTED.  Judge Keyes will

set deadlines related to the government's return in a separate order.

2.       Talbott's motion for the relief sought in his petition [Docket No. 12] is DENIED.

3.       Talbott's motion to be released on recognizance bond [Docket No. 20] is

DENIED.

4.       This matter is referred back to Judge Keyes for further proceedings.

Dated:  December <u>20</u>, 2010                          <u>s/Patrick J. Schiltz</u>
                                                                        Patrick J. Schiltz
                                                                        United States District Judge