# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Richard D. Talbott,

      Petitioner,

v.

Warden Scott Fisher,

      Respondent.

Civ. No. 10-1553 (PJS/JJK)

**REPORT AND RECOMMENDATION**

Richard D. Talbott, #04895-028, FCI, P.O. Box 4000 (L-B), Manchester, KY 40962, *pro se*.

James E. Lackner, Esq., and Lisa D. Kirkpatrick, Esq., Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge.

## INTRODUCTION

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The Government initially moved to dismiss the Petition for lack of jurisdiction. (Doc. No. 9.) On October 21, 2010, the undersigned issued a Report and Recommendation recommending that the Government's motion be granted. Then, in response to Petitioner's objections to the undersigned's Report and Recommendation, the Government conceded that the Court does have jurisdiction over the Petition. (Doc. No. 28.) United States District Court Judge Patrick J. Schiltz agreed, and on December 20, 2010, Judge Schiltz declined to adopt the pending Report and

Recommendation, and referred the matter back to the undersigned for further

proceedings on the merits.  (Doc. No. 29.)  In response to a briefing schedule set

by the undersigned, the Government responded to the Petition on the merits and

Petitioner submitted a Reply.  (Doc. Nos. 35, 36).  The matter has been referred

to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and

D. Minn. Loc. R. 72.1.  For the reasons discussed below, this Court recommends

that the Petition be denied and this action be dismissed with prejudice.

## BACKGROUND[1]

In 1996, the United States District Court for the Southern District of Indiana

sentenced Petitioner to 264 months in prison after a jury convicted him of being a

felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  The

court sentenced Petitioner under the Armed Career Criminal Act ("ACCA"), which

provides that a person who violates § 922(g) and who "has three previous

convictions" for a "violent felony" "committed on occasions different from one

another" shall be imprisoned for a minimum of fifteen years and a maximum of

life.  18 U.S.C. § 924(e)(1).

The three offenses that the sentencing court relied on in Petitioner's case

were all Indiana state convictions for battery, Class-C felony, under the state of

---

[1]     A full procedural history of Petitioner's prior petitions was summarized in
the undersigned's October 21, 2010 Report and Recommendation (Doc. No. 23),
and is not restated here.

Indiana's criminal law, Ind. Code § 35-42-2-1(a)(3).  The Government's Notice of

Defendant's Status as Armed Career Criminal requesting sentence enhancement

under the ACCA described the three predicate convictions as follows:

> The Government submits the Defendant is an Armed Career
> Criminal based on the following convictions:
>
>    1.    On or about July 15, 1986, Richard D. Talbott was
> convicted of a Class C felony (Battery) under cause number S86-
> CR-63 in the Superior Court, Floyd County, Indiana.
>
>    2.    On or about July 15, 1986, Richard D. Talbott was
> convicted of a Class C felony (Battery) under cause number S86-
> CR-74 in the Superior Court, Floyd County, Indiana.
>
>    3.    On or about September 9, 1991, Richard D. Talbott was
> convicted of a Class C felony (Battery) under cause number 10C01-
> 9103-CF046 in the Circuit Court, Clark County, Indiana.

(Doc. No. 2 at 30 of 40.)

In the present Petition, Petitioner contends that two of the above

convictions do not qualify as violent felonies as the term "violent felony" is used in

the ACCA and as interpreted by the U.S. Supreme Court in *Begay v. United

States*, 553 U.S. 137 (2008) and *Johnson v. United States*, 130 S.Ct. 1265

(2010).[2]  Petitioner contends that these two intervening Supreme Court decisions

---

[2]    The ACCA states that:

> [T]he term "violent felony" means any crime punishable by
> imprisonment for a term exceeding one year, or any act of juvenile
> delinquency involving the use or carrying of a firearm, knife, or
> destructive device that would be punishable by imprisonment for
> such term if committed by an adult, that - -

(Footnote Continued on Next Page)

construing the ACCA, particularly *Johnson*, show that his "prior convictions under Indiana law for battery do not qualify as predicate convictions for purposes of the ACCA" and therefore his sentence "was in excess of that permitted by law" and "was imposed in violation of the Due Process Clause of the United States Constitution." (Doc. No. 2 at 13 of 40.)  As described below, this Court concludes that Class-C-felony battery, as defined by Indiana law, is a "violent felony" under the ACCA and thus recommends that the Petition be denied.

## DISCUSSION

### I.   Standard of Review

Petitioner challenges his sentence in this § 2241 habeas petition as unconstitutionally imposed by the United States District Court for the Southern District of Indiana.  A challenge to the legality of a conviction is ordinarily brought under 28 U.S.C. § 2255.  Indeed, generally, a federal prisoner can collaterally attack his conviction or sentence only by filing a motion in the trial court pursuant

---

(Footnote Continued from Previous Page)

>    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>    (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).  Petitioner does not contest the fact that the conviction in cause number 586-CR-63 in the Superior Court, Floyd County, Indiana, was properly classified as a "violent felony" for purposes of the ACCA, because in that case Petitioner was charged with carrying out a battery by means of a deadly weapon.  (*See* Doc. No. 2 at 23 of 40; 25 of 40; 27 of 40.)

to 28 U.S.C. § 2255.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

"[P]ractical concerns led Congress, in 1948, to enact 28 U.S.C. § 2255, and to

make it the main provision governing collateral attacks on convictions by federal

prisoners."  *Henderson v. INS*, 157 F.3d 106, 124 (2d Cir. 1998); *see also United*

*States v. Hayman*, 342 U.S. 205, 212–19 (1952) (explaining § 2255 legislative

history).  Section 2255 "channels collateral attacks by federal prisoners to the

sentencing court (rather than to the court in the district of confinement [as § 2241

requires]) so that they can be addressed more efficiently."  *Triestman v. United*

*States*, 124 F.3d 361, 373 (2d Cir. 1997).

Habeas corpus petitions, however, are not completely foreclosed by

§ 2255 relief.  Although § 2255 affords federal prisoners a "remedy exactly

commensurate with that which had previously been available by habeas corpus,"

*Hill v. United States*, 368 U.S. 424, 427 (1962), § 2255 recognizes that federal

prisoners may resort to the traditional remedy of federal habeas corpus, pursuant

to 28 U.S.C. § 2241, in the limited circumstances in which it "appears that the

remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the

legality of [the] detention," the so-called "savings clause" of § 2255.  *Hill v.*

*Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Here, the Government concedes,

and the Court has ruled, that the savings clause applies.  (*See* Doc. No. 28,

Gov't Resp. to Pet'rs Objections to R&R and Req. to Allow Additional Briefing

2–3 ("The government now acknowledges that where an intervening Supreme

Court decision of statutory construction, such as <u>Begay</u>, negates the basis for the imposition of an enhanced penalty ab initio as a matter of law, the defect is sufficiently fundamental to justify § 2241 relief when the effect of the sentencing enhancement increases the statutory maximum for defendant's offense of conviction."); Doc. No. 29, 12/20/10 Order at 2 ("The Court agrees with the government that Talbott's petition fits within § 2255(e) and should be considered on the merits.")

Title 28 of the United States Code, Section 2241 states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws of the United States[.]." *Id.* § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

## II. Armed Career Criminal Act – "Violent Felony"

The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that:

(i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)     is burglary, arson, or extortion, involves use of explosives, or

otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B)(i)-(ii).[3]

As suggested by its title, the ACCA was intended to target "the special danger created when a particular type of offender—a violent criminal or drug trafficker—possesses a gun." *Begay*, 553 U.S. at 146.  The Supreme Court in *Begay* explained further:

> In order to determine which offenders fall into this category, the Act looks to past crimes.  This is because an offender's criminal history is relevant to the question whether he is a career criminal, or, more precisely, to the kind or degree of danger the offender would pose were he to possess a gun.

(*Id.*)

Courts are to use a "categorical approach" when determining whether a particular crime falls within the ACCA's definition of a qualifying violent felony. *See Taylor v. United States*, 495 U.S. 575, 602 (1990) ("[T]he only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.").   In other words, "[i]n determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular

---

[3]      Hereinafter, this Court refers to 18 U.S.C § 924(e)(2)(B)(i) as "clause (i)" and to 18 U.S.C. § 924(e)(2)(B)(ii) as "clause (ii)."

occasion." *Begay*, 553 U.S. at 141. "If the statute of conviction prohibits *only* conduct that includes [a requisite element of a 'violent felony,'] we need not look beyond the fact of conviction to conclude that the prior offense was a crime of violence."[4] *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010) (quoting *United States v. Grajeda-Ramirez*, 348 F.3d 1123, 1125 (9th Cir. 2003)). Thus, if the Court concludes that Petitioner's convictions for Class-C-felony battery in Indiana qualify as violent-felony convictions because the Indiana Statute has, as an element, the use of force required by clause (i), then the Court should not examine the "particular facts disclosed by the record of conviction" in Petitioner's cases to determine whether his conduct involved the use of violent physical force as referenced in clause (i). *See Shepard v. United States*, 544 U.S. 13, 17 (2005) (stating that the ACCA "generally prohibits the later court from delving into particular facts disclosed by the record of conviction, thus leaving the

---

[4]     Sometimes courts will use a "modified categorical approach" to determine whether a predicate crime constitutes a violent felony. Specifically, "[w]hen the law defines an offense by proscribing several discrete, alternative sets of elements that might be shown as different manners of committing the offense, we employ the modified categorical approach that permits examination of a limited class of materials to determine which set of elements the defendant was found to have violated." *U.S. v. Boaz*, 558 F.3d 800, 807 (8th Cir. 2009). These materials could include charging documents, jury instructions, plea agreements, a transcript of plea colloquy, and trial court findings. *United States v. Howell*, 531 F.3d 621, 622–23 (8th Cir. 2008) ("If the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but *only* to determine which part of the statute the defendant violated."). In this case, however, this Court concludes that the Indiana Class-C-felony-battery statute includes only the requisite elements of a violent felony and thus it is not necessary to pursue this modified categorical approach.

court normally to 'look only to the fact of conviction and the statutory definition of the prior offense[,]'" except "where a jury . . . was actually required to find all the elements of[] the generic offense") (quotations removed).

In two recent decisions, first in 2008 and then in 2010, the Supreme Court decided that certain predicate offenses did not amount to violent felonies under the ACCA and thus could not be used to enhance a sentence.  In *Begay v. United States*, 553 U.S. 137 (2008), the Court considered whether driving under the influence of alcohol, a felony under New Mexico's criminal statues, qualified as a violent felony under clause (ii), which, as described above, defines a violent felony as including an offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"  18 U.S.C. § 924(e)(2)(B)(ii).  Clause (ii) thus covers crimes of a certain type that pose a risk of physical injury.  Clause (i), which stands alone, includes crimes involving "the use, attempted use, or threatened use of physical force against the person of another[.]"  *Id.* § 924(e)(2)(B)(i).

In *Begay*, the Supreme Court concluded that driving under the influence did not qualify as a violent felony under clause (ii).  The Court reasoned that driving under the influence of alcohol differs from the type of violent and aggressive crimes, such as arson, burglary, extortion, or crimes involving the use of explosives, enumerated in clause (ii), because the latter crimes "are

associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior in a way that [driving under the influence of alcohol is] not."  553 U.S. at 148.  The Court explained that the "statutes that forbid driving under the influence . . . typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all."  *Id.* at 145.  But the listed crimes— burglary, arson, extortion, and crimes involving the use of explosives—involve such purposeful, violent, and aggressive conduct that they are "potentially more dangerous when firearms are involved."  *Id*. at 145–46.  The Court thus concluded that driving under the influence of alcohol, as defined under New Mexico's criminal statutes, fell outside the scope of the "violent felony" as defined in clause (ii) of the ACCA.

In 2010, the Supreme Court in *Johnson v. United States* addressed the issue of whether a conviction for "simple battery" under Florida's criminal statutes amounted to a violent felony conviction under clause (i) of the ACCA.  There, the government contended that three of defendant's prior convictions (aggravated battery, burglary, and simple battery) each qualified as ACCA predicate offenses. The defendant conceded that the aggravated battery and burglary convictions qualified, but contended that the simple battery conviction did not.

Under the Florida battery statute at issue in *Johnson*, Fla. Stat.

§ 784.03(i)(a), a battery occurs when a person either "1. [a]ctually and intentionally touches or strikes another person against the will of the other," or "2. [i]ntentionally causes bodily harm to another person."  The Supreme Court pointed out that because the statute is written in the disjunctive, a defendant could be convicted if he merely "actually and intentionally touche[d]" another against that person's will.  *Johnson*, 130 S.Ct. at 1269.  Therefore, under the Florida law, only proof of "the slightest unwanted physical touch" is required and "the use . . . of physical force" is not an element of the offense.  *Id.* at 1269.

The Court then explained that in order for a crime to qualify as a violent felony under clause (i) of the ACCA, however, it must have "as an element the use[, attempted use or threatened use] of *physical force* against the person . . . of another."  *Id.* at 1271 (emphasis added).  Thus, in light of the fact that the ACCA is intended to apply to career offenders who engage in violent crimes, "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person."  *Id.* (emphasis in original).  The Court continued that "[e]ven by itself, the word 'violent' in § 924 (e)(2)(B) connotes a substantial degree of force" (citing several Dictionary definitions of "violent"), and explained that "[w]hen the adjective 'violent' is attached to the noun 'felony' its connotation of strong physical force is even clearer."  *Id.* (citing the definition of "violent felony").  The Court concluded that since Florida's simple battery law was satisfied by any intentional physical contact, no matter how slight, it did not have

as a requisite element the application of the degree of physical force that would

qualify it as a violent felony under clause (i).  Hence, a conviction under that law

could not be a predicate offense for sentence enhancement under the ACCA.

## III.   Indiana's Class-C-Felony-Battery Statute

Indiana's Class-C-felony-battery statute provides:

> A person who knowingly or intentionally touches another person in a
> rude, insolent, or angry manner commits battery, a Class B
> misdemeanor.  However, the offense is . . . (3) a Class C felony if it
> results in serious bodily injury to any other person or if it is
> committed by means of a deadly weapon.

Ind. Code  § 35-42-2-1, Sec. 1(a)(3).  Thus, the prosecution must establish that

the defendant: (1) touched another person in a rude, insolent, or angry manner;

*and* (2) this resulted in serious bodily injury or was committed by means of a

deadly weapon.  The two requirements are conjunctive, not disjunctive as was

the case in the Florida battery statute at issue in *Johnson v. United States*.  In

addition, the Class-C-felony-battery offense requires that the defendant

knowingly or intentionally touch the victim in a rude, insolent, or angry manner,

but it does not require that the defendant know or intend that the serious bodily

injury occur.  *Matthews v. Indiana*, No. 27A02-1003-PC-370, 2011 WL 576088, at

*3 (Ind. Ct. App. Feb. 18, 2011) (citing *Mann v. State*, 895 N.W.2d 119, 124 (Ind.

Ct. App. 2008)).  Indiana classifies Class-C-felony battery as a "serious violent

felony."  Ind. Code § 35-47-4-5(b)(4)(C).

The Indiana battery statute at issue here defines, "serious bodily injury" as

"bodily injury that creates risk of death or that causes:  (1) serious disfigurement;

(2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or

impairment of the function of a bodily member or organ; or (5) loss of a fetus."

Ind. Code § 35-41-1-25.  The level of proof required to prove serious bodily injury

is high.  "[T]he element of 'serious bodily injury' is an aggravating circumstance

which, if proved beyond a reasonable doubt, increases the penalty for the

offense committed without proof of any culpability separate from the culpability

required for the conduct elements of the offense." *Markley v. State*, 421 N.E.2d

20, 21 (Ind. Ct. App. 1981).

In 2004, the Indiana Supreme Court stated that "[a]s with all matters of

degree, it is difficult to describe in words a bright line between what is 'bodily

injury' and what is 'serious bodily injury.'" *Davis v. State*, 813 N.E.2d 1176, 1178

(Ind. 2004).  The Indiana Supreme Court has provided some guidance, however,

by citing with approval lower court decisions that "rightly focus on injuries that

plainly reflect the sort of serious infliction of damage suggested by the statutory

definition of 'serious bodily injury.'" *Id.* (citing *Hollins v. State*, 790 N.E.2d 100,

108 (Ind. Ct. App. 2003) (finding serious bodily injury where victim's arm, injured

by gunshot, was "useless" and likely to be amputated); *Judy v. State*, 470 N.E.2d

380, 383 (Ind. Ct. App. 1984) (finding serious bodily injury where victim was

beaten with a pool cue, his leg was broken in three places, he was hospitalized

for four days and in a cast for three months, and he still limped at time of trial));

*see also  Hand v. State*, 863 N.E.2d 386, 393 (Ind. Ct. App. 2007) (applying

*Davis*, and concluding that two black eyes, and bruising to mouth, shoulders, and

hands were not sufficient for serious bodily injury under the Class-C-felony-

battery statute).  Further, the court in *Davis* found that, "a slightly lacerated lip

and a broken pinky do not make the grade."  *Id.*

IV.    **Analysis**

Unlike the Florida battery statute at issue in *Johnson*, under which one

may be convicted for any intentional touching no matter how slight, the Indiana

Class-C-felony-battery statute requires the infliction of serious bodily injury to

another person.  Only physical contact with another person with a substantial

degree of force will lead to the infliction of such serious bodily injury as serious

permanent disfigurement, unconsciousness, extreme pain, permanent or

protracted loss or impairment of a bodily member or organ, or loss of a fetus.

This suggests "a degree of power that would not be satisfied by the merest

touching."  *Johnson*, 130 S.Ct. at 1270.  And it requires "force capable of causing

physical pain or injury to another person[,]" i.e., violent force.  *Id.* at 1271.

There is, of course, no bright line that defines when the force that is non-

violent (i.e., the mere rude tap on the shoulder) turns into the level of violent force

that the ACCA requires.  A determination of what constitutes violent force for

purposes of this law does not lend itself, for example, to the application of

principles of physics and engineering to precisely measure, in scientific terms,

14

when the application of force crosses the line from non-violent to violent.  *See id.*
at 1270.  Therefore, the task of defining and applying the concept of violent force
must be guided by the purposes of the ACCA.  When Congress enacted the
ACCA, it was attempting to separate out those offenders whose criminal history
evidenced a high risk for recidivism and future violence.  These career offenders
exhibited a special need for an increased sentence in order to deter future
extreme violent crimes with guns.  *See Begay*, 553 U.S. at 146 ("[T]he Armed
Career Criminal Act focuses upon the special danger created when a particular
type of offender—a violent criminal or drug trafficker—possesses a gun.").
Those offenders who engage in rude, insolent, or angry physical contact with
another person with such force that it causes serious bodily injury of the sort that
must be proved for a Class-C-felony-battery conviction in Indiana qualify for
treatment as violent felons under the ACCA.

     Petitioner argues that although a conviction for Class-C-felony battery
requires that the touching result in serious bodily injury, there is no requirement
that the defendant intended that result.  A defendant could thus be convicted, he
argues, for a mere touch (in a rude, insolent, or angry manner) without proof that
the slight physical contact was likely to result in serious bodily injury.  Violent
force would thus not be required for the battery conviction and, per *Johnson*, the
battery conviction would not qualify as a predicate offense under clause (i).  This
argument, however, misses a crucial difference between the Indiana battery

statute and the Florida statute in *Johnson* – the infliction of serious bodily injury is an element of the offense in the Indiana statute, but it is not an element of simple battery, ordinarily a misdemeanor, in Florida.  In other words, the element missing in the Florida statute—the application of such a substantial degree of force that serious physical injury results—is present in the Indiana Class-C-battery-felony statute.

The Ninth Circuit recently addressed this issue in *United States v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010), in the context of analyzing whether an assault conviction in the state of Washington qualified as a violent felony under clause (i).  Under Washington's second-degree-assault statute, a conviction can be obtained for unlawful touching with criminal intent, "which can be accomplished by merely spitting on another person."  *Id.* at 1286.  This element of "'unlawful touching' would not on its own qualify [the Washington second-degree-assault statute] as a categorical violent felony, because the offense would not in all cases punish conduct that is violent in nature."  *Id.*  However, like the Indiana Class-C-felony-battery statute, the Washington assault statute requires that the intentional physical contact result in substantial bodily harm.  And, like the Indiana statute, the Washington criminal code defines "'substantial bodily harm' as 'bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily

part.'" *Id.* at 1287 (quoting Wash. Rev. Code. § 9A.04.110(4)(b)). The Washington assault statute, again like the Indiana battery statute, does not require intent by the defendant to cause substantial bodily harm.  The Ninth Circuit explained that "assault statutes penalizing intentional conduct that results or is likely to result in such bodily injury necessarily require force that go[es] beyond the 'least touching,' and represents 'actual force' that is violent in nature." *Id.* (quotations omitted).  Ultimately, the Ninth Circuit reached the same conclusion that this Court reaches here – the statute in issue had as an element the required use of force to qualify as a violent felony under clause (i).

In support of his argument, Petitioner cites *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003), where the Seventh Circuit concluded that a conviction for violating Indiana's Class-A-misdemeanor-battery statute, Ind. Code § 35-42-2-1, did not constitute a crime of violence under 18 U.S.C. § 16, which has a definition of crime of violence that is virtually identical to the definition of violent felony in the ACCA.  Both federal statutes cover crimes that have as an element the use of "physical force against the person of another."  Indiana's Class-A-misdemeanor-battery statute, like Indiana's Class-C-felony-battery statute, begins with the requirement that the defendant "knowingly or intentionally touches another person in a rude, insolent, or angry manner . . . ."  Ind. Code § 35-42-2-1.  But, for the next element of the crime, the Class-A-misdemeanor-battery statute only requires that the offense result "in bodily injury to any other

person"; it has no requirement that the bodily injury be serious.  This is a crucial difference when determining whether violent force is required for conviction.

The Indiana battery statute separates into distinct subsections the different ways to commit the offense, starting with the simple battery Class-B misdemeanor, which only requires the touching in a rude, insolent, or angry manner.  Ind. Code § 35-42-2-1, Sec. 1(a).  At the Class-A-misdemeanor level, at issue in *Flores*, the statute requires touching and bodily injury, but as the Seventh Circuit put it, not "much of either touching or injury."  *Flores*, 350 F.3d at 669.  However, it is a much different story when you move to the higher levels of felony battery.  "Particularly forceful touchings, or those that cause grave injuries, come under subsections other than [the Class A misdemeanor]."  *Id.* at 670.  As explained above, the Class-C-felony-battery section's serious-injury requirement necessitates the application of the type of violent force described in *Johnson*.[5]

---

[5]      Petitioner correctly points out that Class-C-felony battery is not the same crime as "Aggravated Battery" in the Indiana criminal code.  "Aggravated Battery," a higher level Class-B-felony offense, is committed by:

> [a] person who knowingly or intentionally inflicts injury on a person
> that creates a substantial risk of death or causes:
>
> (1) serious permanent disfigurement;
>
> (2) protracted loss or impairment of the function of a bodily member
>      or organ; or
>
> (3) the loss of a fetus[.]

(Footnote Continued on Next Page)

Petitioner also points out that when addressing the issue of whether a driving-under-the-influence conviction constituted a violent felony as defined by clause (ii) of the ACCA, the Supreme Court stated that a d.u.i. offense did not involve the type of "purposeful or deliberate conduct" involved in the offenses of burglary, arson, use of explosives, and extortion, which are referenced in clause (ii).  Petitioner argues that Class-C-felony battery is analogous to a d.u.i. offense because a conviction can be obtained without showing that the defendant intended to inflict serious bodily injury on the victim.

But, unlike a d.u.i. offense, Class-C-felony battery qualifies as a violent felony under clause *(i)* because it has as an element of its commission the use, attempted use, or threatened use of physical force against the person of another. The d.u.i. statute involved in *Begay* did not have as an element of the crime the use of physical force against the person of another.  The issue before the Supreme Court in *Begay* was whether the d.u.i. crime was a violent felony under clause (ii), and it concluded that it was not because it was not a crime like the predicate crimes listed at the start of clause (ii)—burglary, arson, etc.—which involve purposeful, violent, and aggressive conduct that present serious, potential risk of physical injury.  The Supreme Court was not interpreting

---

(Footnote Continued from Previous Page)
Ind. Code § 35-42-2-1.5.  Like Class-C-felony battery, Aggravated Battery is classified as a "serious violent felony" in Indiana.  Ind. Code § 35-47-4-5, Sec. 5(b)(5).

clause (i) in *Begay*.  Clause (i) stands on its own, and only requires that the crime of conviction include the element of "physical force" against another person.  This of course means, as discussed above, *violent* force, but there is nothing in clause (i) to suggest that the violent crime of conviction must include any particular level of intent or purpose.

Nevertheless, a Class-C-felony-battery conviction does involve purposeful or deliberate conduct because it requires "knowingly or intentionally" touching the other person in a rude, insolent, or angry manner so as to cause serious bodily injury.  Although Petitioner argues that this still leaves open the possibility that a defendant might be convicted of Class-C-felony battery for merely rude conduct that accidentally results in serious bodily injury (the spitball that blinds), the proper inquiry under the categorical approach that the Court makes in this statutory analysis is whether the conduct encompassed by the elements of the offense in "the ordinary case" qualifies as a violent felony, not whether one can hypothesize in some scenario a conviction under the statute for a non-violent crime.  *See James v. United States*, 550 U.S. 192, 208 (2007)  ("We do not view [the categorical approach] as requiring that every conceivable factual offense covered by a statute must necessarily present a serious risk of injury before the offense can be deemed a violent felony.") (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the

application of legal imagination to a state statute's language.  It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."")).  In the "ordinary case," the level of force that must be used to produce the type of serious bodily injury required by the Indiana statute must be violent force, i.e., "force capable of causing physical pain or injury to another person."  *Johnson*, 130 S.Ct. at 1271.[6]

After the Supreme Court's decision in *Johnson*, the Seventh Circuit addressed the question of whether a Class-C-felony battery under Ind. Code § 35-42-2-1(a)(3) constitutes a crime of violence.  *U.S. v. Taylor*, 630 F.3d 629 (7th Cir. 2010).  There, the defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and received an enhanced sentence because his prior conviction for Class-C-felony battery in Indiana qualified as a "crime of violence" under § 4B1.2(a) of the federal sentencing guidelines.[7]  The defendant's prior Class-C-felony-battery conviction was for

---

[6]     Because this Court concludes that the physical force requirement of clause (i) is met, this Court does not have to reach the question of whether a Class-C-felony battery is similar enough to the enumerated crimes of burglary, arson, use of explosives, and extortion, to also qualify as a predicate offense under the residual clause portion of clause (ii).

[7]     The federal sentencing guidelines define a "crime of violence" virtually the same way as a "violent felony" is defined in the ACCA, including the requirement that the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."  *U.S. v. Hennecke*, 590 F.3d

(Footnote Continued on Next Page)

knowingly touching the victim in a rude, insolent, or angry manner "by striking [the victim] in the stomach and said touching being committed with a deadly weapon to wit: a knife." *Taylor*, 630 F.3d at 632.

The court in *Taylor* explained that Ind. Code. § 35-42-2-1(a)(3) "can be violated in one of two ways: touching someone in a rude, insolent, or angry manner that (1) 'results in serious bodily injury to any other person' or (2) 'is committed by means of a deadly weapon.'" *Id.* at 633. Because the defendant's charging document made clear that he was convicted of the second category, the Court only analyzed whether the defendant's violation qualified as a crime of violence under that prong. And it found, applying the Supreme Court's reasoning in *Johnson*, that touching someone in a rude, insolent, or angry manner by means of a deadly weapon qualifies as a crime of violence "because such conduct will ordinarily involve, at a minimum, the threatened use of physical force" as the term "force" is used in § 4B1.2(a)(1) and in clause (i) of the ACCA. *Id.* at 631-32, 634.

The Seventh Circuit did not address the issue of whether someone convicted of the first category—the commission of the Class-C-felony-battery offense by touching someone in a rude, insolent, or angry manner with resulting

(Footnote Continued from Previous Page)
619, 621 n.2 (8th Cir. 2010) ("Given their nearly identical definitions, we construe the statutory term 'violent felony' and the Guidelines term 'crime of violence' as interchangeable").

serious bodily injury—also constitutes a violent felony or crime of violence.  *Id.* at

633-34 (stating that the court "le[ft] for another day the broader question of

whether *any* violation of Indiana's Class C battery statute would qualify as a

crime of violence") (emphasis in original).  The court did, however, comment that

"[i]t may be the case that the other prong of § 35-42-2-1(a)(3)—touching

someone in a rude, insolent, or angry manner that 'results in serious bodily injury

to another person'—does not categorically qualify as a crime of violence under

either prong of the federal definition" citing *Johnson, Begay,* and *Flores* (all of

which are discussed above).  But this dicta does not alter the outcome here.  The

Seventh Circuit reserved any decision about whether a battery resulting in

serious bodily injury under the Indiana Class-C-felony-battery statute is a violent

felony.  And as explained above, *Johnson*, *Begay*, and *Flores* all involve different

statutory violations from that involved in this case.  *See U.S. v. Marciniak*, No.

10-CR-184, 2011 WL 124299, at *5 (E.D. Wis. Jan. 14, 2011) ("The *Taylor* court

reserved decision on the first prong of Indiana's statute without citing *LaGuerre*,

*Rodriguez-Gomez*, or *Aviles-Solarzano*.  Absent some discussion, I cannot from

this dicta divine an intent to alter the rule established in those cases.").[8]  In this

---

[8]      In *LaGuerre v. Mukasey*, 526 F.3d 1037, 1038–39 (7th Cir. 2008), the court
of appeals considered whether a conviction for domestic battery under Illinois law
qualified as a crime of violence under 18 U.S.C. § 16(a), and held that it does
"qualif[y] as a crime of violence because, as § 16(a) requires, it has as an
element the use of physical force."  In *United States v. Rodriguez-Gomez*, 608
F.3d 969, 973–74 (7th Cir. 2010), the court of appeals concluded that an Illinois
(Footnote Continued on Next Page)

case, this Court directly confronts the issue of whether an Indiana felony conviction for Class-C battery, for touching someone in a rude, insolent, or angry manner that results in serious bodily injury, categorically qualifies as a violent felony under clause (i), and concludes that it does.

Accordingly, this Court concludes that Petitioner's Class-C-felony-battery convictions in issue qualified as violent felony convictions under the ACCA, and therefore recommends that Petitioner's Petition be denied.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), be **DENIED**; and

2.      This case be **DISMISSED WITH PREJUDICE**.

Date:   April 5, 2011                       *s/ Jeffrey J. Keyes*
                                            JEFFREY J. KEYES
                                            United States Magistrate Judge

---

(Footnote Continued from Previous Page)
conviction for aggravated battery qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(a)(A)(ii), finding Johnson "easily distinguishable" where the defendant had violated the first prong of the statute, which "requires the 'use, attempted use, or threatened use of physical force.'" And in *United States v. Aviles-Solarzano*, 623 F.3d 470, 474 (7th Cir. 2010), the court held that a conviction of aggravated battery under the "cases bodily harm" prong of the Illinois law qualified as a crime of violence under U.S.S.G. § 2L1.2 "because it involves the use of physical force 'capable of causing physical pain or injury to another person.'"

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 19, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.